Indianapolis and St. Louis Railroad Company

*v.*

Daniel Morgenstern, Admr.

*Filed at Springfield March 29, 1883.*

1. APPEALS—*reviewing questions of fact.* In an action on the case against a railway company to recover compensation for the death of an employé of the company, alleged to have been caused by negligence, in which a recovery is had, and the judgment is affirmed by the Appellate Court, this court is precluded from considering whether the verdict is sustained by the evidence, and from examining any of the controverted questions of fact.

2. LAW AND FACT—*as to negligence—and who are fellow servants.* The definition of negligence is a question of law, but it is a question of fact whether a particular case falls within that definition; and the same rule may be applied to the question of who are fellow servants of the same master. As to whether negligence in fact is shown, and whether the party killed thereby was a fellow servant, and received the injury from another servant of the same master in the same line of duty, bringing them often together, coöperating in the same work, this court is precluded from determining.

3. PRACTICE—*demurrer waived by pleading over.* If a defendant, after his demurrer to the declaration is overruled, pleads to the merits, he abandons his demurrer and admits the sufficiency of the declaration, and can not assign for error the decision on the demurrer.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Coles county; the Hon. J. W. Wilkin, Judge, presiding.

Mr. John T. Dye, and Mr. Charles Bennett, for the appellant:

All who serve the same master, work under the same control, derive authority and compensation from the same common source, and are engaged in the same general business, though it may be in different grades or departments of it, and who are habitually brought together in the performance of their usual duties, so that the safety of each depends upon the care with which the other shall perform his appropriate duty, and that each is an observer of the conduct of the other, and can give notice of any neglect of duty to the common master, are fellow servants, who take the risk of each other's negligence. Wood on Master and Servant, 837, and cases cited; Thompson on Negligence, 969, note 2, and 1026, sec. 31, and notes; Moak's Underhill on Torts, (1881,) 52, and cases cited; Addison on Torts, sec. 565, note; *Farwell* v. *Railroad Co.* 4 Metc. 59; *Morgan* v. *Vale of Neath R. R. Co.* L. R. 1. Q. B. 149; *Gravelle* v. *Minneapolis and St. Louis R. R. Co.* 10 Fed. Rep. 711; *Pittsburg R. R. Co.* v. *Ranney,* 37 Ohio St. 665; *Howland* v. *Milwaukee R. R. Co.* 54 Wis. 226; *Illinois Central R. R. Co.* v. *Cox,* 21 Ill. 20; *Chicago and Alton R. R. Co.* v. *Keefe,* 47 id. 108; *Chicago and Alton R. R. Co.* v. *Murphy,* 53 id. 336; *Valtez* v. *Ohio and Mississippi Ry. Co.* 85 id. 500; *Chicago, Burlington and Quincy R. R. Co.* v. *Clark,* 92 id. 47; *Chicago and Northwestern R. R. Co.* v. *Moranda,* 93 id. 302.

Messrs. Craig & Craig, for the appellee:

The rule that a servant can not recover from a common master for the negligence of a fellow servant, is limited to cases where both servants are in the same line of employ-

ment. *Chicago and Northwestern R. R. Co.* v. *Moranda,* 93 Ill. 302; *Pittsburg, Ft. Wayne and Chicago Ry. Co.* v. *Powers,* 74 id. 345; *Chicago, Burlington and Quincy R. R. Co.* v. *Gregory,* 58 id. 284; *Toledo, Wabash and Western Ry. Co.* v. *O'Conner,* 77 id. 396.

The two servants here were not engaged in the same department of business, but in entirely different ones, having no connection with each other.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by the administrator of the estate of Hugo Eilenstine, deceased, to recover damages on account of the death of the intestate, which was caused, as alleged, by the negligence of one of defendant's servants.

It is alleged in the second count of the declaration, in substance, that Hugo Eilenstine, in his lifetime, at Mattoon, was in the employment of the defendant, in the capacity of inspector of rolling stock of said company, and that it was his duty, on the arrival of trains in Mattoon, to be present to examine the wheels and trucks, for the purpose of seeing that they were kept in good repair; that as such inspector he had nothing to do with the running of trains upon defendant's road; that his duties were totally disconnected from the running department of defendant's railroad; that it was necessary and customary for said Eilenstine, while said passenger trains were approaching, to stoop or squat down alongside the track, and to strike the wheels of the cars with a hammer, in order to ascertain their condition; that on the day aforesaid one of defendant's trains arrived in Mattoon, and the said Eilenstine, in the discharge of his duty, stooped down in the customary manner alongside said track, and that one Solomon Bray, a servant of defendant, as baggage-master at Mattoon station, whose duty it was to assist in loading and unloading baggage from the baggage car, had baggage to be loaded in said car, which was then and there on a truck

under the management of said Bray, and the servants of defendant so negligently and carelessly managed said truck, and the baggage thereon, that, in consequence of the negligence of defendant, a piece of baggage on said truck, to-wit, a trunk, in consequence of the negligence and carelessness of the defendant's servants and agents, as aforesaid, then and there fell from said truck and struck the said Hugo Eilenstine, while he was in the exercise of all due care and caution, and without any fault or negligence on his part whatever, with such force and violence as to knock the said Hugo Eilenstine on the track of the defendant, and he was crushed by the said car of said train, which caused the death of the said Eilenstine on said day, to-wit, September 18, 1880. And the plaintiff further avers that the death of the said Hugo was in nowise contributed to by his own negligence, or by the fault or negligence of any of his fellow servants or co-employés engaged with him in the same or similar line of duty, but was wholly produced by the carelessness, fault and negligence of the other servants and employés of said defendant then and there engaged in an entirely dissimilar line of duty, and with whom said Hugo Eilenstine, deceased, had no connection whatever, and over whom he could not, nor did, exercise any control. To the declaration the defendant demurred, and the demurrer having been overruled, it pleaded the general issue. On the trial of the cause evidence was introduced tending to prove the averments of the declaration, and the plaintiff recovered a judgment, which, on appeal, was affirmed in the Appellate Court, to reverse which the railroad company has brought this appeal.

The principal part of appellant's argument has been devoted to the discussion of a controverted question of fact,—that the verdict of the jury is contrary to the evidence. Under this branch of the argument it is contended that Eilenstine's death was the result of his own negligence, and that the evidence fails to show the slightest negligence on

the part of the defendant. What led to the death of Eilenstine, and whether appellant was guilty of negligence, was purely a question of fact for the jury, and under our statute we are precluded from reviewing the verdict. That was a proper question for review in the Appellate Court, but the decision of that court is final, so far as the controverted facts are concerned.

It is also contended that the deceased, and Bray, the baggage-master, were fellow servants, and upon that account no recovery can be had. In *Great Western R. R. Co.* v. *Haworth,* 39 Ill. 346, it was held that negligence is not a legal question, but is one of fact, and must be proved like any other. This was followed by *Chicago and Alton R. R. Co.* v. *Pennell,* 94 Ill. 448, where the same doctrine was announced. In *Pennsylvania Co.* v. *Conlan,* 101 Ill. 93, what was said in the cases cited was approved, and it was further held that the definition of negligence was a question of law, and it was a question of fact, to be determined from the evidence, whether the particular case falls within the definition.

What has been said in relation to the question of negligence may also be said in regard to fellow servants. The definition of fellow servants may be a question of law, but it is always a question of fact, to be determined from the evidence, whether a given case falls within that definition. Whether the deceased and Bray were fellow servants depended upon a variety of facts, which had to be proven before the jury. The inquiry would arise whether they were in the service of a common master; were they engaged in the same line of employment; were the existing relations between them of such a character, and their duties such, as to bring them often together, coöperating in a particular work. These, and perhaps other facts of a kindred character, were matters to be proven before the jury, and from the facts thus proven it was for the jury then to say whether the two servants, in the discharge of their duties, were fellows. Had appellant de-

sired to raise the question for decision in this court, whether, under the evidence, the deceased and Bray were fellow servants, it might have done so by an appropriate instruction, but under the statute we can not review the evidence, and from it determine the question.

It is also urged that the court erred in refusing instructions Nos. 5¾ and 8, on the question of contributory negligence. At the request of appellant, the court, in instruction No. 7, directed the jury, that if they believed, from the evidence, that by the exercise of ordinary care and watchfulness Eilenstine could have avoided the injury, and that he failed to exercise such a degree of care and watchfulness, then plaintiff could not recover in this action, unless defendant was guilty of gross negligence. This instruction is in substance like No. 8, which contains all embraced in the other refused instruction proper for the consideration of the jury, and the refusal of the two instructions named could work no injury to appellant. As to instruction No. 14, the principle therein announced was given to the jury in No. 11, and as has been held in numerous cases, it is not error to refuse an instruction announcing the same principle in different language.

It is also urged that the court erred in overruling a demurrer to the declaration. After the demurrer was overruled the defendant pleaded to the declaration. This was a waiver of the defects in the declaration, if it contained any. If the defendant deemed its demurrer well taken, it should have abided by it, and not tendered an issue on the facts. By abandoning the demurrer and pleading to the declaration it admitted the sufficiency of the declaration, and can not now assign the decision upon it as error. *American Express Co.* v. *Pinckney,* 29 Ill. 392; *Quincy Coal Co.* v. *Hood,* 77 id. 68.

After a careful examination of the whole record we find no substantial error in it, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*