# WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY
## v.
## EMANUEL B. DEARDORFF, by next friend, etc.*

1. NEGLIGENCE—HAZARDS INCIDENT TO SERVICE.—Action against a railroad company, by a brakeman, for an injury received while coupling cars. The sole and only negligence charged was in permitting iron to project over tl. end gate of the cars. The evidence showed that it was customary to load cars with railroad iron in this manner; that for two years prior to the accident, iron had thus been loaded on the cars in the yards where appellee was employed, and no accident had happened; that no one knew the manner of loading the cars better than appellee, and those skilled in the business testified that cars so loaded are constantly coupled without accident. *Held*, that appellee must of necessity have known when he accepted the position that he was liable at any and all times, when on duty, to be called upon to make couplings of cars loaded in this manner, and when he entered the service he assumed this as well as all other hazards of the ordinary perils incident to the service; that appellee failed to exercise the care and caution which the situation required.

* Two cases.

2. FELLOW SERVANTS—INSTRUCTIONS.—Whether the person injured, and the persons by whose negligence the injury is alleged to have occurred, are fellow servants of the same master, is a question of fact to be found by the jury from all the evidence in a given case, and not a question of law for the determination of the court.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed February 5, 1884.

Messrs. CREA & EWING and Messrs. OUTTEN & VAIL, for appellant; that the railroad company was not guilty of negligence in loading its cars in the manner it did, cited Atchison, T. & S. F. Ry. Co. v. Plunket, 25 Kan. 188; Day v. T. C. S. & D. Ry. Co., 42 Mich. 523; Baldwin v. C. R. I. & P. R. R. Co., 50 Ia. 680; Mich. C. R. R. Co. v. Smithson, 45 Mich. 212; I. B. & W. Ry. Co. v. Flanigan, 77 Ill. 365.

As to non-liability of employer for the risks ordinarily incident to the employment: C. & T. R. R. Co. v. Flanigan, 11 Bradwell, 147; Camp Pt. Mfg. Co. v. Ballou, 71 Ill. 421; Ladd v. New Bedford R. R. Co., 20 Am. R. 332; Nayler v. C. & N. W. Ry. Co., 5 Am. & Eng. R. R. C. 460; Ballou v. C. & N. W. Ry. Co., 5 Am. & Eng. R. R. C. 480; Sykes v. Packer, 99 Penn. 465: Green, etc., Co. v. Bresmer, 97 Penn. 103; Northern Central Ry. Co. v. Hasson, 39 Legal Intelligencer, 442.

As to fellow servants: Smith v. Flint, etc., Ry. Co., 46 Mich. 258; C. & A. R. R. Co. v. Murphy, 53 Ill. 336; Valtez v. O. & M. R. R. Co., 85 Ill. 500.

Mr. I. A. BUCKINGHAM and Messrs. ELDRIDGE & HOSTETLER, for appellee; as to fellow servants, cited C., R. I. & P. R. R. Co. v. Henry, 7 Bradwell, 322; C. & N. W. Ry. Co. v. Moranda, 93 Ill. 302.

HIGBEE, J. By agreement of parties these cases are to be tried together, the facts relied upon for a recovery being the same in each.

The actions were brought against the railroad, the one by Emanuel Deardorff, a minor, in his own name, by his next

friend, and the other by his father, to recover for a personal injury received by the said Emanuel in coupling cars on a side track of appellant's road.

The circumstances of the injury were, that on the night of January 16, 1880, a freight train on appellant's road left Danville for Decatur. On the way the rear brakeman became sick, and the conductor telegraphed to the latter place for a man to take his place when Emanuel B. Deardorff, a strong young man about nineteen years of age, who was then, and had been for some time previous, employed by the company as a brakeman, was assigned to that duty. Before the train arrived at Decatur, a freight train from the east, had side tracked near the east end of the 7th or coal track, three coal cars belonging to the Baltimore and Ohio road, loaded with old iron for Springfield. The iron rails were longer than the cars in which they were placed and one end rested on the bottom of the car, pressing against the gate at that end; thence, at an angle of two and a half feet in thirty, they passed over and rested on the gate at the other end, projecting from a foot and a half to two feet over the end of the car. About two o'clock A. M. the train arrived. The night was dark and foggy, and Deardorff says the lamp of the sick brakeman, which he took by the direction of the conductor, was somewhat smoked. He went to the 7th track to make the couplings of the Springfield cars, opened the switch and gave the engineer the signal to back up, and then went to the place where the coupling was to be made; did not notice what kind of a car it was nor that the iron rails extended over the end; in attempting to make the coupling he was struck in the head by the projecting iron, and received the injury complained of.

The first count of the declaration in each case charges that the company was guilty of negligence in permitting its servants, engaged in a different department of its service, to so load the iron upon its cars as to project over the end of the same.

The second count charges the negligence to consist in receiving from other railroad companies the cars so negligently and dangerously loaded.

It is contended by appellant that the evidence wholly failed to sustain the charge of negligence against it; that the injury received by Deardorff was the result of his own negligence, and that he and the parties who loaded the cars were fellow servants, and for these reasons no recovery could be sustained against the company.

There was no defect in the cars themselves or their mode of coupling. The sole and only negligence charged was in permitting the iron to project over the end gate of the cars.

It is shown by the evidence that for a period of one to two years before the injury complained of, there were switched in the Decatur yards from five to six hundred cars daily. The manner of shipping railroad iron was almost entirely on flat and coal cars, and for a period of three years before the accident to Deardorff, there were from fifteen to twenty such cars daily, on an average, passed through the yard loaded with such iron. Sometimes box cars and stock cars were used for the purpose, but in all kinds of cars used, whether box, stock, flat or coal cars, the iron was longer than the car and would project over the end of the car and the coupling had to be made by stooping under it. The testimony of persons skilled in the business shows that with reasonable care, cars loaded with railroad iron, timbers and telegraph poles extending over the end, are constantly coupled without accident. Indeed, no accident from this cause was ever known to have happened in the Decatur yards prior to the one by which Deardorff was injured. This manner of loading cars was known to no one better than to Emanuel B. Deardorff. He was a brakeman, perfectly familiar with the business done in the yard at Decatur and on appellant's road. He must of necessity have known when he accepted the position, that he was liable at any and all times, when on duty, to be called upon to make couplings of cars loaded in this manner, and when he entered the service he assumed this risk as well as all other ordinary perils incident to his service.

We are also of the opinion that the party injured failed to exercise the care and caution which the situation required. It was but little short of recklessness to attempt to make the

coupling, an act always attended with more or less danger, without looking at the car to be coupled. The least effort on his part to discover his danger would have disclosed it to him. If he failed to use the precaution necessary for his protection when he had the opportunity to do so, it was his own fault, and though attended with serious consequences, the law does not hold his employer liable for his loss.

For these reasons the court erred in overruling appellant's motion for a new trial.

The court also erred in giving to the jury in behalf of appellees, instructions 1, 2, 3, 4 and 5. They tell the jury that Emanuel B. Deardorff was not a fellow servant with certain other persons by whose negligence he claims to have been injured. In this the instructions invaded the province of the jury. Whether the person injured, and the persons by whose negligence the injury was alleged to have occurred, were fellow servants of the same master, was a question of fact to be found by the jury from all the evidence in the case, and not a question of law for the determination of the court. The legal definition of fellow servants may be given by the court to the jury in an instruction, but whether the proof brings a particular case within the definition is a question of fact for the jury. I. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216.

Judgment reversed and cause remanded.