## PITTSBURGH, CINCINNATI & ST. LOUIS RY. CO.
### v.
### JAMES McGRATH, Adm'r.

INSTRUCTION—FELLOW SERVANTS.—Where the evidence in regard to the question of negligence was conflicting, and the ground stated in an instruction for negativing the existence of the relation of fellow servants was simply, " and that said engineer was not engaged in the same line of employment as the deceased in the service of the said defendant company." *Held*, that the hypothesis should have been added that one was employed in a wholly separate and disconnected branch of the business of the defendant from that of the other; or that there were no relations existing between them, or duties devolving upon them. of such character as to bring them together co-operating in any particular work, and as the evidence as to negligence was conflicting, the case is reversed for this inaccuracy in the instruction.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.   Opinion filed June 25, 1884.

This action was brought by the administrator of the estate of Thomas Kelly, deceased, to recover damages to the widow and next of kin of deceased, consequent upon the death of the intestate, which was caused, as it is alleged, by the negligence of one of the employes of defendant.

The record shows that the deceased, at the time of his injury, was, and for some months previously had been, engaged in the service of defendant, as a laborer or section hand; his work generally being upon the tracks of defendant's yard in Chicago, and assisting in the repairs of side tracks as directed by his foreman.   During the same time one Murphy was also engaged in the service of the defendant, his duties being those of a " hostler," that is, to take the engines brought into the

yard from place to place, and provide them with fuel and water. It appears that October 30, 1879, a locomotive was brought into this yard about noon. It remained standing in one place upon the tracks for nearly an hour. Kelly, with another section hand, had been assigned to the work of cutting a rail with a cold chisel, some fifty or sixty feet away from that locomotive, so standing on the track, and was down upon his knees at work when Murphy, coming back from his dinner, got onto the engine, started it backward toward where Kelly was at work, and he, seeming wholly unaware of its approach, was struck by it and killed. It was the plaintiff's theory of the affair that Murphy started and moved the engine backward without giving Kelly and his co-laborer any warning. The theory of the defense was that Murphy rang the bell and that it was due to Kelly's carelessness that he did not heed it. Upon the question whether the bell was rung, the evidence was conflicting. The defendant also claimed that Murphy and Kelly were fellow servants in the sense which would preclude a recovery against the common master for an injury to one by the negligence of the other.

At the instance of plaintiff's counsel, the court gave to the jury the following instruction as purporting to cover the entire case:

"The court instructs the jury that if they believe from the evidence that Thomas Kelly, the deceased, was engaged in the employ of said defendant company on the 30th day of October, A. D. 1879, upon the track of said defendant at or near Curtis street, in Chicago, in Cook county, Illinois, as a laborer or track repairer, in the discharge of his duty as such laborer; and further find from the evidence that an engine of said defendant company was standing on the track whereon said deceased was working, and at a short distance therefrom; and further find rom the evidence that said engine was started and moved on said track toward said deceased, without any notice or warning being given of its approach, and that said engine was under the control and care of an engineer in the employ of said defendant company, *and that said engineer was not engaged in the same line of employment as the deceased in the*

*service of said defendant company;* and further find from the evidence that said engine, when so moved on said track, struck and ran over said deceased, whereby he was so injured and wounded that he died from the effects thereof; and if the jury further find from the evidence that said deceased was guilty of no negligence which contributed to the injury complained of, and was exercising due and reasonable care and diligence in view of his surroundings, as shown by the evidence, to avoid injury from trains or locomotives upon said track; and further find from the evidence that the said engineer failed to give any notice or warning that he was about to start and move said engine as aforesaid on said track, and that by reason of such failure he was guilty of gross negligence, which contributed to and caused the injury complained of; and that said plaintiff was duly appointed administrator of the estate of said deceased by the Probate Court of Cook county, Illinois, and that deceased died leaving a widow and child surviving him, then the said defendant company is liable in this action, and you should find a verdict for said plaintiff, and may assess such damages as you find from the evidence to be a fair and just compensation to such widow and next of kin for the pecuniary injuries they have sustained resulting from such death of said deceased person." (Given.)

The trial resulted in a verdict and judgment against the defendant for five thousand dollars.

Messrs. WILLARD & DRIGGS, for appellant; that whether two employes of the same master are in the same line of employment is a question of law and fact, and not a question of fact alone, cited C. & N. W. Ry. Co. v. Moranda, 93 Ill. 302; Same v. Same, 108 Ill. 576; I. & St. L. Ry. Co. v. Morgenstern, 106 Ill. 216; C. & A. R. R. Co. v. Murphy, 53 Ill. 336.

Mr. M. J. DUNNE, for appellee; as to who are fellow servants, cited P. Ft. W. & C. Ry. Co. v. Powers, 74 Ill. 341; T. W. & W. Ry. Co. v. O'Conner, 77 Ill. 392; C. & N. W. Ry. Co. v. Moranda, 93 Ill. 302; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. & N. W. Ry. Co. v. Swett, 45 Ill. 197; Sch. Nor-

way v. Jensen, 52 Ill. 373; I. C. R. R. Co. v. Welch, 52 Ill. 183; C. & N. W. Ry. Co. v. Jackson, 55 Ill. 492; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Ryan v. C. & N. W. Ry. Co., 60 Ill. 171; C. & N. W. Ry. Co. v. Taylor, 69 Ill. 461; T. W. & W. Ry. Co. v. Fredericks, 71 Ill. 294; I. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216; C. & A. R. R. Co. v. May, 108 Ill. 288.

McAllister, P. J. The evidence was conflicting upon the question of negligence on the part of the engineer, Murphy. It was, therefore, indispensable to a verdict for plaintiff, which he could retain, that each instruction on his behalf should give the law to the jury with accuracy, and especially as to what circumstances would fully negative the existence of the relation of fellow servants between Murphy and the deceased Kelly. We have collected the cases holding to the necessity of accuracy of each instruction in such cases, in Lake Shore & Michigan Southern Ry. Co. v. Elson (15 Bradwell, 80), at this term, and need not repeat them here.

The first instruction for plaintiff purports to state all the elements of a cause of action and what is requisite to a recovery. While doing so, the instruction purports to direct the jury as to what circumstances would be sufficient to negative the existence of the relation of fellow servants of a common master between the engineer, Murphy, and the deceased, Kelly, which had been relied on by defendant, as taking the case out of the range of the rule, *respondeat superior.* The only hypothesis of the instruction in respect to that relation was this: " and that said engineer was not engaged in the same line of employment as the deceased in the service of the said defendant company."

As stated, the ground for finding that the relation of fellow servants between those persons did not exist in the sense that would leave the common master liable to the personal representative of the one for the negligence of the other, was incomplete. The hypothesis should have been added that one was employed in a wholly separate and disconnected branch of the business of the defendant from that of the other; or that there

were no relations existing between them, or duties devolving upon them of such character as to bring them together, co-operating in any particular work. Indianapolis & St. L. R. R. Co. v. Morgenstern, Adm'r, 106 Ill. 216; Chicago & North W. Ry. Co. v. Moranda, 93 Ill. 302; S. C. 108 Ill. 576.

The ground stated in the instruction for negativing the existence of the relation in question, being imperfect and short of what the law required, it was misleading; and there being a conflict of testimony upon the question of negligence, we are required, by the established rule of the Supreme Court, to reverse the judgment and remand the cause.

Reversed and remanded.