The Chicago and Alton Railroad Company

*v.*

Frank O'Brien.

*Filed at Springfield January 14, 1895—Rehearing denied June 10, 1895.*

1. Fellow-servants—*findings of trial and Appellate Courts conclusive.* The finding of a jury, under an issue submitted, that two servants of the same master are not fellow-servants, is, after affirmance by the Appellate Court, conclusive, unless the evidence, with all its reasonable intendments, wholly fails to establish the fact.

2. SAME—*Moranda case, 93 Ill. 302, followed.* Instructions giving the definition of fellow-servants in the language used in *Chicago and Northwestern Railway Co.* v. *Moranda*, 93 Ill. 302, are correct. *Rolling Mill Co.* v. *Johnson*, 114 Ill. 57, explained, as to the expression "same line of employment."

3. SAME—*section hand and fence gang on railroad.* A member of a section force on a railroad cannot, *as matter of law*, be declared by the court to be a fellow-servant with members of a fence gang working temporarily within the section, where the two forces did not work together or perform the same duties, but were only casually thrown together in going to and returning from their daily labor.

4. TRIAL—*what will support jury's finding as to fellow-servants.* On such a state of facts it is not error for the trial court to refuse to withdraw the question of fellow-servants from the jury by an instruction to find for the defendant.

*Chicago and Alton Railroad Co.* v. *O'Brien*, 53 Ill. App. 198, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

WILLIAM BROWN, and WILLIAMS & CAPEN, for appellant.

J. J. MORRISSEY, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This suit was begun in the circuit court of McLean county, by appellee, against appellant. The declaration is in case, alleging a personal injury to plaintiff by the negligence of employees of the defendant. The first count avers that on the third day of June, 1892, defendant owned a certain hand-car, and was operating the same by its servants, who were not fellow-servants of plaintiff, upon its railroad; that plaintiff was then and there in the employ of defendant, and lawfully and properly upon a certain other hand-car upon the track of defendant, exercising due care for his personal safety, and defendant, by its servants first mentioned, negligently

drove said first mentioned hand-car along said track and upon and against the said hand-car upon which plaintiff was, by means whereof he was thrown from the car and injured, etc.    The second is substantially like the first. The other four materially differ from these only in that they each aver that the car which caused the injury was under the control of a foreman, and negligently ran upon the one on which plaintiff was riding, by his command. Issue being joined on a plea of not guilty, a trial by jury resulted in a verdict against the defendant, fixing plaintiff's damages at $3500.    Defendant's motion for a new trial was overruled, and judgment entered on the verdict. The Appellate Court has affirmed that judgment.   53 Ill. App. 198.

At the close of all the evidence the defendant asked the court to withdraw the case from the jury, but this request was refused.

It was contended on the trial that the evidence showed that the plaintiff and those charged with causing his injury were fellow-servants, within the rule which exempts the common master from liability.    That question, under the issue formed by the pleadings, was a controverted question of fact, to be determined by the jury from all the evidence in the case.    (*Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 Ill. 216; *Lake Erie and Western Railroad Co.* v. *Middleton,* 142 id. 550; *Louisville, Evansville and St. Louis Railroad Co.* v. *Hawthorn,* 147 id. 226.)   The jury found it in favor of the plaintiff, and conceding that, under the averments of the declaration, the burthen of proof to establish it was upon him, still, unless the evidence, with all its reasonable intendments, wholly failed to establish the fact, or the verdict was the result of some misdirection by the trial court, since the judgment of affirmance in the Appellate Court the question is no longer an open one.   *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern, supra.*

As to the question whether there was any evidence before the jury fairly tending to prove that plaintiff and those charged with negligently injuring him were not fellow-servants, little need be said. Plaintiff belonged to a force of section hands in defendant's employ, under a foreman, on a section extending four and a half miles north from the Bloomington yards. Another crew, called a "fence gang," under a different foreman, was engaged in building and repairing railroad fences from Odell to Roodhouse, a distance of 175 miles, extending over the section upon which plaintiff worked. Each of these gangs used a hand-car, going to and returning from their work upon the same. Upon the day of the injury both were working north of Bloomington, and returned in the evening to the yards, where their hand-cars were kept, about the same time. The theory of plaintiff's case is, that while so returning, the hand-car upon which he was riding, being in front, was run down or upon by those in charge of the other car, whereby he was thrown to the ground and injured. There is evidence in the record to the effect that the fence gang was subject to the supervision of the section boss while at work on his section, but there is no pretence of proof that the two gangs of men worked together or that their duties were the same. There is also evidence in the record tending to show that the two forces, in going to and returning from their daily labor, were more or less frequently thrown together; but that occurred only casually, and rather by accident, than necessarily, in the performance of their duties. It seems too clear for argument that from these facts the jury might properly find that at the time of the alleged injury the plaintiff was not co-operating with the other servants, and that his duties in no way brought him into habitual association with them in such a way that he might exercise an influence upon them, or they upon him, promotive of proper caution for their personal

safety.   Certainly it cannot be seriously contended that there is no evidence tending to support that finding.

But it is asserted by counsel for appellant that a rule on the subject of fellow-servants has been laid down by this court "in later years" which is uncertain when applied to a case like this.   If the exhaustive review of our decisions by Mr. Justice DICKEY in *Chicago and North-western Railroad Co.* v. *Moranda*, 93 Ill. 302, will not suffice to show that the present rule has always prevailed in this court, and if the decisions in that and many later cases following it have failed to make that rule clear, nothing that we could now say would do so.   The third and fourth of plaintiff's instructions, to which exception is taken, informed the jury what in this State is neces- sary to create the relation of fellow-servants, and are substantially in the language of the *Moranda case.*   (*Roll- ing Mill Co.* v. *Johnson*, 114 Ill. 57; *Chicago and Northwestern Railway Co.* v. *Snyder*, 117 id. 376; *Chicago and Alton Rail- road Co.* v. *Hoyt*, 122 id. 369.)   There was no error in the giving of either of these instructions.   In fact, the argu- ment of counsel is rather in the nature of a criticism upon the decisions on which the instructions are based, than an attempt to show that they are not in conformity with them.

It is, however, said, that the law of this State is, "that servants working in the same department or in the same line of duty, when no question of vice-principal arises, are fellow-servants."   The law is not so stated in any of the cases above referred to, nor is our attention called to any to that effect.   Mr. Justice SCHOLFIELD, in *Rolling Mill Co.* v. *Johnson, supra*, stated the rule to be, from the cases there cited, "that the servants of the same master, to be co-employees, so as to exempt the master from lia- bility on account of injuries sustained by one resulting from the negligence of the other, shall be directly co- operating with each other in a particular business,—*i. e.* the same line of employment,—or that their usual duties

shall bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution." The expression, "the same line of employment," is here expressly given the same meaning as the preceding words, "in a particular business," in which the servants must "be directly co-operating with each other." To hold, broadly, that all "servants working in the same *department*" are fellow-servants, would practically abolish the rule of this court, as distinguished from that at common law and held by other courts.

Counsel lay down the further proposition, "that whether or not two or more servants are fellows, within the rule exempting the master from liability, does not depend upon their usual duties, unless the injury is received while in the exercise of such duties, but depends upon their relation to each other at the time the injury is inflicted." The correctness of this position is not admitted, but if it was, we are at a loss to perceive how it would help the defendant. It could only then be said the instructions complained of state the law more favorably for the defendant than they should have done.

Whatever may be said as to the weight of the evidence in this record to establish plaintiff's cause of action, it cannot, we think, be seriously contended that there is such an absence of proof of the material elements of the case as to justify this court in saying that the trial court erred in refusing to withdraw it from the jury.

The instructions given on behalf of the plaintiff stated the law as held by this court with substantial accuracy. Those given at the request of the defendant on the subject of fellow-servants were more favorable to it than it was entitled to.

On the whole record no error appears for which the judgment of the court below should be reversed, and it will accordingly be affirmed.

*Judgment affirmed.*