## Chicago & Alton Railroad Company v. Margaret Hause, Adm'x.

1. FELLOW-SERVANTS—*Burden of Proof as to the Existence of the Relation.*—In an action against a railroad company for damages caused by the negligence of 'an employe, the burden is on the defendant to show that the plaintiff and the negligent employe were fellow-servants, although the declaration contained a negative allegation.

2. MASTER AND SERVANT—*Risks Assumed by Servant.*—An employe does not assume all the risks incident to his employment, but only such as are usual, ordinary, and remain so incident after the master has taken reasonable care to prevent or remove them; or if extraordinary, such as are so obvious and expose him to danger so imminent that an ordinarily prudent and careful man would anticipate injury as so probable that in view of it he would not enter upon or remain in the employment.

3. SAME—*Liability of Master for Injuries to Servant.*—A master is responsible for injuries to one of his servants, caused by the negligence of another, where the servant causing the injury is not a fellow-servant of the one injured.

4. SAME—*Liability of Master for Injury Caused in Part by the Negligence of a Fellow-servant.*—Although the negligence of a fellow-servant may have contributed to cause an injury, if the person injured exercised due care, and his injury was caused by such negligence, and the contributing negligence of the master, or of another servant not a fellow-servant, the master will be liable.

5. RAILROADS—*Failure to Provide Switch Lights as Negligence.*—A light so attached to a switch that an engineer in charge of a train can see whether it is open, in time to stop the train, if necessary to avoid injury, is a reasonable provision against danger, and a jury may well find that a failure to provide such a light is negligence.

6. NEGLIGENCE—*Failure of an Employe to Suspect that Other Employes Have Omitted a Plain Duty is Not.*—The fireman of a locomotive was killed in consequence of a switch being left open which should have been closed. *Held*, that under the evidence, the crew of the locomotive had no reason to suppose that the switch was open and were not bound to suspect that a duty so plain and simple, and yet so important, had been neglected, and that a finding by a jury, that in risking a possibility so bare and remote, the deceased was not guilty of negligence, ought not to be disturbed.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of McLean County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed June 16, 1897.

WM. BROWN and J. E. POLLOCK, attorneys for appellant.

F. Y. HAMILTON and KERRICK, SPENCER & BRACKEN, attorneys for appellee.

When an injury is the result of concurrent negligence of the master and a fellow-servant, the injured servant, if observing ordinary care for his own safety, may recover of the master. Flike v. Boston, etc., R. R. Co., 53 N. Y. 549; Booth v. Boston, etc., R. R. Co., 73 N. Y. 38; Stetler v. C. & N. W. R. R. Co., 46 Wis. 497; Paulmier, Adm'r, v. Erie R. R. Co., 5 Vroom (N. J.) 151; Franklin, Adm'r, v. Winona & St. P. R. R. Co., 37 Minn. 409; Elmer v. Locke, 135 Mass. 575; Grand Trunk R. R. Co., v. Cummings, 106 U. S. 700; Whittaker v. Delaware & H. C. Co., 126 N. Y. 545, Coppins v. N. Y. Cent. R. R. Co., 122 N. Y. 557; Rogers v. Leyden, 127 Ind. 50; Penn. etc., Co. v. McCaffrey, Adm'x (Ind.), 29 L. R. A. 104; McMahon v. Henning, 1 McCrary, 516; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Monmouth M. & M. Co. v. Erling, 45 Ill. App. 411; Cooley on Torts, 570; Deweese v. Meramec Iron M. Co. (Mo. Sup.), 31 S. W. 110; International & G. N. R. R. Co. v. Sipole (Tex. Civ. App.), 29 S. W. 686; Island Coal Co. v. Risher (Ind. App.), 40 N. E. 158; Norfolk & W. R. R. Co. v. Nuckols, Adm'r (Va.), 21 S. E. 342; Browning v. Wabash Western Ry. Co. (Mo. Sup.), 27 S. W. 644, S. C. 124, Mo. 55.

C. & A. R. R. Co. v. Hause.

Where the servant, in obedience to the requirements of the master, incurs the risk of machinery, which though dangerous, is not so much so as to threaten immediate injury, or where it is reasonably probable that it may be safely used by extraordinary caution or skill, the master is liable for the resulting accident. Wood on Law of Master and Servant, Sec. 358; Patterson v. Pittsburgh, etc., R. R. Co., 76 Penn. St. 389.

It is only where the instrumentality is so obviously and immediately dangerous that a man of common prudence would refuse to use it that the master can not be held liable for the resulting damage. Wood on Master and Servant, *supra*.

The danger must be imminent and such that none but a reckless man would incur in order that the servant's continued use of the dangerous instrumentality after knowledge of its character will relieve the master from liability. Kroy v. Chicago, etc., R. R. Co., 32 Iowa, 357; Wood on Master and Servant, *supra*.

The servant's knowledge of a failure on the part of the master to furnish a suitable signal or warning of danger which may arise from the improper or negligent use by another of an appliance which if properly used is entirely safe, and the improper or negligent use of which can only be known to the injured servant through the medium of such signal or warning, will not relieve the master from liability for an injury resulting to the servant through the failure of the master to furnish such signal or warning. Chicago & A. R. R. Co. v. Matthews, 48 Ill. App. 366; Chicago & N. W. Ry. Co. v. Taylor. 69 Ill. 461.

Mr. Justice Pleasants delivered the opinion of the Court:

A way freight train of appellant, about one o'clock in the morning of November 2, 1894, on its way from Bloomington to Chicago, stopped at the incorporated village of Gardner, in Grundy county, to do some switching. The road there has two tracks—the east one being for all trains going

south, and the west for all going north; and about six hundred feet north of the depot there is a switch leading off on a side track, which had been opened by a brakeman of the freight train, and through haste or oversight left open when the train passed on. It proceeded as far as the Big Four crossing, between a quarter and a half mile north of that depot, where it stopped for the passage of the midnight passenger train going south, which ran in on this open switch and by collision with some cars standing thereon, two or three hundred feet from its point, William House, the fireman on that train, was killed. It was running at a rate of twenty-five or thirty miles an hour, and that was its usual rate there, notwithstanding an ordinance of the village forbidding a speed through it exceeding ten. A light formerly kept on this switch had been taken off about sixteen months previous to the accident, and the crews of both trains, who had been running on that end of the road for several years, had long known of its removal.

To recover damages for the death of House, so caused, this action on the case was brought by his widow and administratrix. The declaration charged the company with negligence in taking off the light, and also in employing inexperienced and incompetent servants on the freight train, and the plea was the general issue. A verdict was returned for the plaintiff for $5,000; motions for a new trial and in arrest were overruled and judgment rendered on the verdict; from which judgment this appeal is prosecuted.

The case presents three causes alike claimed to have been efficiently contributing to produce the unfortunate result, and so essentially that if either had been wanting it would not have been produced. These are, the absence of the switch light, the failure to close the opened switch, and the rate of speed at which the passenger train was running. Each of these is, by one or the other of the parties, charged to negligence—the first, by plaintiff, to that of the defendant; the second, by each to that of the freight train crew, and the third, by defendant, to that of the engineer of the passenger train.

The effect of these charges upon the question of liability here involved depends upon the relations of the parties respectively charged to the deceased, and of these only that of the freight train crew is disputed. Defendant was deceased's master and the engineer his fellow-servant, but whether the freight train crew were or were not his fellow servants is the question in dispute; and upon that question appellant is the affirmant, though the declaration contained the negative allegation.

If this question is rightly determined against the appellant, the judgment must be affirmed, because it is conceded that leaving the switch open was negligence and was a proximate and efficient contributing cause of the accident, and that the freight train crew were servants of the defendant; and the law clearly is that the risk of injury by their negligence, if they were not his fellow-servants, was not assumed by the deceased, but is chargeable to appellant, their master. If this question is decided against the plaintiff, another would remain to be considered.

In the instructions given for the plaintiff defining fellow-servants the decisions of the Supreme Court were substantially followed, while in those given for the defendant the definition was more favorable than it was entitled to. Chicago & A. R. R. Co. v. O'Brien, 155 Ill. 630.

We think the evidence sufficiently supported the finding that the crews of these two trains were not fellow-servants— not so co-operating nor habitually associated as to make them such. Besides the case just cited, and those therein referred to, we cite only Lake Erie & W. R. R. Co. v. Middleton, 142 Ill. 550, as illustrating the rule held.

Again, the master should take reasonable care to prevent injury to his servants by accident while properly doing their work as such. The train of the deceased was a midnight and fast passenger that made no stop at Gardner and had nothing to do with the switch there, but was exposed to danger from its misplacement. That risk could be avoided or greatly lessened by the cheap and simple means of a light so attached to it that the engineer in approaching could see

whether it was open in time to stop or slow as might be necessary before reaching it. The company could easily provide it, but the train crew could not. That it was a reasonable provision against that danger to crew and passengers, however remote, is manifest. The jury might therefore well find that under the circumstances shown, including the fact that it had been provided and previously long used for that purpose by the company, its removal was an act of negligence, which directly and materially contributed to the injury here complained of. If it had not been removed or had been restored in all probability that injury would not have been done. That appellant was in fault with respect to the absence of the light is not denied, but it is contended that the risk it created was accepted and assumed by the deceased.

An employe does not assume all the risks incident to his employment, but only such as are usual, ordinary, and remain so incident after the master has taken reasonable care to prevent or remove them; or if extraordinary, such as are so obvious and expose him to danger so imminent that an ordinarily prudent and careful man would anticipate injury as so probable that in view of it he would not enter upon or remain in the employment. The principle is that he can not recover for an injury due to his own negligence or carelessness though that of the master may have also directly and materially contributed to cause it; and his taking or retaining the employment, with such knowledge, is proof of such carelessness on his part. Wood on Master and Servant, Secs. 384–5 and notes.

In this case the risk was that the switch might be open and the engineer unable to see it in time to avoid injury. This may be said to have been incident to the employment and apparent to the deceased; but whether usual or extraordinary and whether it exposed him to danger so imminent as to charge him with a want of ordinary care for his own safety in continuing in the service were questions for the jury.

" Usual " is defined as " common, frequent, ordinary,

C. & A. R. R. Co. v. Hause.

customary, general;" and "ordinary" as "common, usual, often recurring." (Webster.)

It can not be truly said that a switch left open when it should have been closed is an ordinary or usual incident in the employment of train hands on a railroad, and it is certain that no degree of light would enable the engineer to see it open except when it is open.

Here there was no defect in the switch itself. Had it been used at all after it was opened it would have prevented the accident. The duty to close it rested upon those who knew how, were well able, had full opportunity and every motive of interest to perform that duty and a settled habit of performing it. Used by this freight train daily for several years, it does not appear that it had ever before been left open. The two trains usually passed somewhere between Pontiac and Mazonia, and Gardner is between those points. The passenger crew saw the freight train on the night of the accident a short distance north of Gardner and knew it had come through Gardner only a short time before. They had no reason to suppose that it had left the switch there open, and were not bound to suspect that the freight crew had neglected a duty so plain and simple and yet so important. If the jury found that in risking a possibility so bare and remote there was not such carelessness on the part of the deceased as should bar a recovery, we ought not, on this evidence, to overrule that finding. Lake Shore & M. S. R. R. Co. v. Parker, Ex. 131 Ill. 557. No other negligence is imputed to him, and if in taking that risk he showed himself reckless, it would appear by the same token that for sixteen months before the accident, the company had, upon its midnight special, limited, not one train hand who was reasonably or ordinarily careful for his own safety, to say nothing of that of its passengers.

It is unnecessary to consider the question of negligence of the engineer in running at such a rate of speed, for though he was a fellow-servant of the deceased and however negligent, if the deceased himself exercised due care,

and his death was due to the contributing fault of either the company or the freight train crew, and *a fortiori* to that of both so contributing, the plaintiff was entitled to recover.

The verdict appears to be well supported, and perceiving no material error in the record, the judgment will be affirmed.